# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

### CIVIL NO. 1:05CV367-1-T
### (1:03CR77 & 1:04CR108)

| | |
|---|---|
| **DEBORAH ANN TILSON,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, filed December 19, 2005. For the reasons stated herein, Petitioner's motion will be denied and dismissed.

## I. PROCEDURAL HISTORY

On May 4, 2004, after a trial by jury, Petitioner was convicted of one count of bank robbery and aiding and abetting that offense in violation of 18 U.S.C. §§ 2113(a) and 2, respectively. **Bill of Indictment (filed in**

**Case No. 1:03CR77), filed October 6, 2003; Verdict Sheet, filed May 4, 2004.** Thereafter, Petitioner pled guilty to two additional counts of bank robbery charged in a bill of information.[1] On December 9, 2004, the undersigned sentenced Petitioner to 120 months imprisonment on each count, to be served concurrently. **Judgment in a Criminal Case, filed January 4, 2005.** Petitioner filed a timely notice of appeal in which she argued that the district court erred in denying her Rule 29 motion and that her sentence violated *United States v. Booker*, 543 U.S. 220 (2005). On September 13, 2005, the Fourth Circuit affirmed her convictions and sentence. *United States v. Tilson,* **142 F. App'x 786 (4th Cir. 2005).** The Petitioner did not file a motion for a *writ of certiorari* with the Supreme Court but, instead, filed this motion to vacate on December 19, 2005.

In her motion, she argues this Court was without authority to rely on prior convictions to enhance her sentence because there was no jury finding thereof and she did not admit those convictions in her guilty plea. Petitioner asserts that this issue was not raised on direct appeal because her appellate counsel failed to do so.

---

[1] The Petitioner waived indictment on these charges. **See Waiver of Indictment (filed in Case No. 1:04CR108), filed October 28, 2004**.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief on the claims set forth therein. In the event it is determined that a petitioner is not entitled to relief, the reviewing Court must dismiss the motion.

Following such directive, the Court has reviewed Petitioner's motion and the record of criminal proceedings. This review clearly establishes that Petitioner is not entitled to any relief on her claims.

## III. ANALYSIS

Petitioner first argues that her sentence should be reduced because no jury determined her prior convictions and she did not admit to the same. Petitioner asserts that, under such circumstances, this Court's use of her criminal history to enhance her sentence violated her Fifth and Sixth Amendment rights.

Petitioner did not raise this claim on direct review.  In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors complained of or must demonstrate that a miscarriage of justice[2] would result from a refusal to entertain a collateral attack.  **See United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982)).**  Ineffective assistance of counsel may constitute cause for default.  **See Wright v. Angelone, 151 F.3d 151, 160, n.5 (4th Cir. 1998) (constitutional ineffective assistance of counsel establishes cause sufficient to excuse procedural default).**

Petitioner states that her appellate counsel was the cause of her failure to raise this claim on direct appeal.  A claim of ineffective assistance of counsel is governed by the holding in *Strickland v. Washington*, 466 U.S. 668, 687-91 (1984).  In *Strickland*, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner

---

[2] In order to establish a miscarriage of justice a petitioner must establish actual innocence.  **See Murrey v. Carrier, 477 U.S. 478, 496 (1986).**  Petitioner makes no argument in support of any claim of actual innocence.

must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. ***Id.* at 689; Fields v. Attorney General of Maryland, 956 F.2d 1290, 1297-99 (4th Cir. 1995).** The petitioner bears the burden of proving *Strickland* prejudice. **Fields, at 1297**. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." ***Id.* at 1290.**

In this case, Petitioner cannot establish either prong. The Supreme Court has held that the fact of a prior conviction need not be proven beyond a reasonable doubt. **Almendarez-Torres v. United States, 523 U.S. 224, 233-36 (1998).** And, the Fourth Circuit has explicitly reaffirmed the continuing validity of the *Almendarez-Torres* holding after the Supreme Court decisions in *Booker, supra*, and *Shepard v. United States*, 544 U.S. 13, 26 (2005).[3] **United States v. Cheek, 415 F.3d 349, 352-53 (4th Cir.),**

---

[3] In *Shepard*, the Supreme Court held that "enquiry under the [Armed Career Criminal Act] to determine whether a plea of guilty to burglary defined by a nongeneric statute necessarily admitted elements of the

*cert. denied*, 126 S. Ct. 640 (2005); *see also, United States v. Thompson*, 421 F.3d 278, 283 (4th Cir.), *cert. denied*, 126 S. Ct. 1463 (2005) **(holding that *Shepard* did not alter Supreme Court holding that prior convictions need not be submitted to any jury).** Because prior convictions are not required to be submitted to a jury, Petitioner's counsel was not ineffective for failing to raise this meritless claim. Consequently, Petitioner has procedurally defaulted her claim.

Based on the Court's review of the Petitioner's motion and the relevant criminal proceedings, the Court finds the Petitioner's claims to be meritless and the Petitioner's motion will, therefore, be dismissed.

---

generic offense is limited to the terms of the charging document, the terms of the plea agreement or transcript of colloquy between judge and defendant . . . , or to some comparable judicial record of this information." *Shepard,* **544 U.S. at 26.** A presentence report is a "comparable judicial record" and a district court is entitled to rely upon it for a defendant's criminal history. Thus, there was no error in the use of prior convictions, that were neither admitted by the Petitioner nor found by the jury, in calculating her criminal history category. **Cheek, supra; Thompson, supra; United States v. Planter**, 2007 WL 1183281 (4th Cir. 2007).

## IV.  ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.  A Judgment dismissing this action is filed herewith.

Signed: May 16, 2007

Lacy H. Thornburg
United States District Judge